**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**AARON COURTNEY McNAIR**                                                      **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 3:12cv750-WHB-RHW**

**JAMES INGRAM,** *et al.*                                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

Acting *pro se*, Aaron Courtney McNair filed this prisoner civil rights lawsuit on November 6, 2012, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his rights while he was confined awaiting trial on capital murder and aggravated assault charges. McNair alleges jail officials failed to protect him from assault by other inmates, and were deliberately indifferent to his serious medical needs. As McNair is proceeding *in forma pauperis* [10], process was issued for all four defendants on February 5, 2013 for service by the U.S. Marshal Service (USMS). [15] The summons for Defendant Ingram was issued for service at the Hinds County Detention Center. [18, p. 2] On February 12, 2013, the USMS filed the return on the summons for Ingram unexecuted, with the notation, "no longer employed there." [18, p. 1]

On April 16, 2013, the Court issued [20] an order advising McNair that Rule 4(m), FED.R.CIV.P., requires service of the summons and complaint upon the defendant within 120 days after the filing of the complaint, which, counting from the date Plaintiff was granted leave to proceed *in forma pauperis*, would expire May 25, 2013. The order advised McNair that unless he provided an alternative address for Ingram to allow for service of process upon him by May 25, 2013, the undersigned would recommend dismissal of the complaint as to Ingram. On April 25, 2013, McNair responded to the order, stating he had "no address for officer James Ingram." [21] The time for service of process has expired and Ingram remains unserved.

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that the complaint be dismissed without prejudice as to Defendant James Ingram only, for failure to serve process.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 26th day of June, 2013.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE